48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James W. GARRETT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7006.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 7 Vet.App. 21.
 MOTION GRANTED.
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 ON MOTION
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to dismiss James W. Garrett's appeal for lack of jurisdiction.* Garrett opposes.
 
 
 2
 On March 17, 1993, the Board of Veterans Appeals denied Garrett entitlement to an earlier effective date than January 6, 1988 for service connection for certain chest injuries based on clear and unmistakable error (CUE) in 1946, 1947, and 1961 rating decisions. Garrett appealed the Board's decision to the Court of Veterans Appeals. The Court of Veterans Appeals affirmed the Board's decision after discussing its precedent on what constitutes a valid CUE claim. The Court of Veterans Appeals then determined that the asserted error in the Board adjudications involved only a "disagreement as to how the facts were weighed or evaluated" quoting Russell v. Principi, 3 Vet.App. 310, 313 (1992) (en banc).
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 The Secretary argues that Garrett is merely challenging the factual findings of the Board and thus may not seek review by this court. Garrett disputes the Secretary's characterization. Garrett states that he will be seeking review of the Court of Veterans Appeals' "interpretation of the CUE regulation, 38 C.F.R. Sec. 3.105(a)," and points out that such challenges fall under the court's jurisdiction.
 
 
 5
 Section Sec. 7292(a) allows a party to obtain review of a Court of Veterans Appeal decision with respect to an interpretation of a regulation that was relied on by the court in its decision. However, the Court of Veterans Appeals did not interpret or apply the regulation in its decision. Rather, the Court of Veterans Appeals applied its own case law governing CUE to the facts of Garrett's case. Pursuant to 38 U.S.C. Sec. 7292(d)(2), this court may not review a challenge to a law or regulation as applied to the facts of a particular case. As stated by the Court of Veterans Appeals in its decision, the thrust of Garrett's argument "both before the BVA and the Court is that the adjudicator in 1947, 1948, and 1961 erred in denying appellant's claim since the evidence which is conclusive with respect to an award of service connection was in appellant's claims file at the time of each of these adjudications" and that the asserted error involves a "disagreement as to how the facts were weighed or evaluated." Because this court cannot review such determinations, we must dismiss.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to dismiss is granted.
 
 
 8
 (2) Each side shall bear its own costs.
 
 
 
 *
 We remind counsel for the Secretary that Fed.Cir.R. 27(a)(5) governing the contents of motions requires a movant to state that it has discussed the motion with the other party and whether the other party will object or file a response